**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MIGEL ANGELO TAYLOR, | ) | CASE NO. 1:25-CV-985 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| SAN CRISTIAN LLC, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

## I. INTRODUCTION

*Pro se* Plaintiff Migel Angelo Taylor has filed a pleading in this case labeled as a "Federal Constitutional and Treaty-Protected Complaint for Emergency Injunctive and Declaratory Relief." (ECF No. 4[1]).  His complaint purports to assert claims challenging an eviction action brought against him in Cleveland Municipal Housing Court relating to property located at 3795 & 3797 West 38th Street in Cleveland, Ohio.  *See San Cristian LLC et al. v. Migel Taylor et al.*, No. 2025 CVG 5338 (Cleveland Mun. Ct.).  The docket in that eviction case indicates that judgment was entered against Plaintiff on one cause of action and was referred to a Magistrate as to a second cause of action.

In his complaint, Plaintiff identifies himself as "the Trustee of the Tobias Hair & Cotton Irrevocable Living Trust and a direct descendant of the Royal Pamunkey, Waonoke, Nottoway, and Nancymond tribal nations, whose monarchs—Queen of the Pamunkey, Queen of the Waonoke, King of the Nottoways, and the Sachem of the Nancymond—were signatories to early pre-constitutional treaties with the British Crown and colonial governments." (ECF No. 4, PageID

---

[1] Plaintiff filed his original complaint on May 14, 2025.  (ECF No. 1).  He filed an amended complaint on May 19, 2025, which is now his operative pleading and referred to herein as "complaint."  (ECF No. 4).

#54). He contends the state eviction action "contravene[s his] secured trust interest, treaty rights, and federally protected heritage." (*Id*.). Asserting five claims based on the contention that he is an indigenous heir of a treaty-protected real property interest,[2] he seeks temporary and permanent injunctive relief "halting all eviction or dispossession;" "[j]udicial recognition of [his] protected treaty rights and hereditary interest;" declaratory relief "confirming [his] trust-based and indigenous claims to the land;" and "[m]onetary and equitable restitution for damages caused by unlawful interference." (*Id*. at PageID #55).

He has also filed an "Emergency Motion for Temporary Restraining Order," seeking to enjoin "Defendants from executing, enforcing, or proceeding with any action related to eviction, dispossession, or removal from the property located at 3795 & 3797 W. 38th Street, Cleveland, Ohio 44109." (ECF No. 3).

Plaintiff did not pay the filing fee in the case and filed a motion to proceed i*n forma pauperis*. (ECF No. 2). That motion is **GRANTED**.

On July 25, 2025, Defendants moved to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 6). The Court need not address this motion or await further briefing because the Court finds, upon its own review, that Plaintiff's complaint warrants sua sponte dismissal.

## II. STANDARD OF REVIEW AND DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute requires district courts to screen all *in forma*

---

[2] He alleges claims for "violation of treaty rights;" deprivation of property without due process, hearing, or "consideration of federal trust and tribal claims;" violation of the "Contract Clause" on the basis that a "trust and tribal treaty operate as binding instruments impaired by local eviction actions;" "unlawful taking and constructive dispossession" of a "trust-protected and hereditary estate without lawful condemnation or compensation;" and denial of equal protection and discrimination "against indigenous lineage." (ECF No. 4, PageID #54–55).

2

*pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)).

Federal courts are courts of limited jurisdiction and "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd*., 556 F.3d 459, 465 (6th Cir. 2009). "If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3). A district court may dismiss any complaint sua sponte for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court finds that Plaintiff's complaint warrants dismissal in accordance with Fed. R. Civ. P. 12(h)(3) and the Court's authority established in *Apple v. Glenn*. First, Plaintiff has not alleged facts suggesting he has any arguably plausible federal claim that he is entitled to relief from the state eviction action on the basis he is an indigenous heir entitled to treaty-protected property rights in the property at issue. *See, e.g.*, *Hendrock v. Gilbert*, 68 F. App'x 573, 574 (6th Cir. 2003) (holding that *in forma pauperis pro se* complaint was properly dismissed where it was

3

vague, conclusory, and contained no factual allegations upon which a valid federal claim could rest); *see also Chief X Israel v. 5510 Dunham Rd LLC*, No. 1:24 CV 1263, 2024 WL 4581184, at *1 (N.D. Ohio Oct. 25, 2024) (dismissing *pro se* action challenging state eviction action on basis plaintiff was a lawful Indian tribal heir having interest in property that was the subject of the eviction action).

Further, even if Plaintiff alleged an arguably valid federal claim, this Court lacks jurisdiction to hear his challenges to the state-court eviction action. "*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)). "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013).

Here, to the extent the state eviction action is still pending, all three factors supporting abstention are present. Housing matters implicate important state interests, *see Doscher v. Menifee Circuit Court*, 75 F. App'x 996, 996–97 (6th Cir. 2003), and Plaintiff has not demonstrated that he could not raise any federal concerns he has regarding the lawfulness of his eviction in the context of the pending state proceedings. *See Szarell v. Summit Cty. Court of Common Pleas*, No. 5:18-cv-2975, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (the third factor of *Younger* abstention is satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

Further, to the extent Plaintiff purports to challenge any final order or judgment of the state-court eviction court, this Court lacks jurisdiction to hear his claims under the *Rooker-Feldman* doctrine, which "prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotation marks omitted). "[A] federal court lacks jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments." *Higgs v. Dupuis*, No. 5:19 CV 192, 2021 WL 2270707, at *2 (W.D. Ky. June 3, 2021); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) ("A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States."). "Plaintiff cannot seek to undo the outcome of the state court eviction proceeding in this Court." *Higgs*, 2021 WL 2270707, at *2. *See also Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 490 (6th Cir. 2005) (affirming dismissal of a plaintiff's claims resting on premise that state foreclosure judgment was invalid).

### III. CONCLUSION

Accordingly, for the foregoing reasons, Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and *Apple v. Glenn*. All remaining motions are terminated. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: July 31, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**